**United States Bankruptcy Court**
**Northern District of Iowa**

10-02558

In re    **Jamie B Williams**
         **Melissa L Williams**                                            Case No.
                                    Debtor(s)                              Chapter    **13**

# CHAPTER 13 PLAN

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$365.00** per month for **60** months.

   Total of plan payments: **$21,900.00**

2. <u>Plan Length</u>: This plan is for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

   d. Plan Payments to begin on:  **October, 2010**  .

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
      (1) Trustee's Fee:    **10.00**%
      (2) Attorney's Fee (unpaid portion):    **$2,226.00 to be paid through plan in monthly payments**
      (3) Filing Fee (unpaid portion):    **NONE**

   b. Priority Claims under 11 U.S.C. § 507

      (1) Domestic Support Obligations

         (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

         (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

            **-NONE-**

         (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

            | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
            |---|---|---|
            | **-NONE-** | | |

         (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

            Claimant and proposed treatment:    **-NONE-**

      (2) Other Priority Claims.

10-02558

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **Iowa Department of Revenue** | **1,552.00** | **0.00%** |

  c.  Secured Claims

      (1) Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| **-NONE-** | | |

      (2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

          (a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

          (b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

      (3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

  d.  Unsecured Claims
      (1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

      (2) General Nonpriority Unsecured: Other unsecured debts shall be paid pro rata, with no interest if the creditor has no Co-obligors.
      The total payout to unsecured creditors at 2% is $2,296.00.

5.  The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor/Description of Collateral | Amount of Default to be Cured | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Bac Home Loans Servici**<br>**3237 Whittier Rd, Springville IA 52336**<br>**(Linn County, IA)**<br>**See attached legal description** | **13,636.00** | **Prorata** | **0.00%** |

10-02558

6. The Debtor shall make regular payments directly to the following creditors:

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Bac Home Loans Servici**<br>3237 Whittier Rd, Springville IA 52336<br>(Linn County, IA)<br>See attached legal description | **145,427.00** | **1,350.00** | **Contract Rate** |
| **Bac Home Loans Servici**<br>3237 Whittier Rd, Springville IA 52336<br>(Linn County, IA)<br>See attached legal description | **25,445.00** | **238.00** | **Contract Rate** |
| **Capital One Auto Finance**<br>2007 Chrysler Sebring (lien) | **12,828.55** | **280.00** | **Contract Rate** |
| **Univ Of Iowa Comm Cu**<br>2004 Ford Freestar (lien) | **4,129.00** | **157.00** | **Contract Rate** |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
**NONE. Payments to be made directly by debtor without wage deduction.**

8. The following executory contracts of the debtor are:

    **Rejected:**

    | Other Party | Description of Contract or Lease |
    |---|---|
    | **-NONE-** | |

    **Assumed:**

    | Other Party | Description of Contract or Lease |
    |---|---|
    | **Dish Network** | **cable service** |
    | **i wireless** | **cell phone contract** |
    | **Janet K. Hong** | **contract for legal services** |

9. Property to Be Surrendered to Secured Creditor

    | Name/Description of Collateral | Amount of Claim | Description of Property |
    |---|---|---|
    | **-NONE-** | | |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

    | Name/Description of Collateral | Amount of Claim | Description of Property |
    |---|---|---|
    | **-NONE-** | | |

11. Title to the Debtor's property shall revest in debtor **on confirmation of a plan.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:
**(A) Debtor(s) agree(s) to submit disposable income in the Plan for the benefit of creditors.**

**(B) Confirmation of the plan shall impose an affirmative duty and legal obligation on the holders and/or the servicers of any claims secured by liens, mortgages and /or deeds of trust on the residential real property of the debtors to do all of the following during the duration of the Chapter 13 Plan:**

**(1) To apply the payments received from the trustee on the prepetition arrearages, if any, only to such arrearages. For purposes of this plan, the "prepetition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the discharge order in this case.**

**(2) To deem the prepetition arrearages as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other defaulted-related fees and services based solely on the prepetition default or defaults.**

**(3) To apply the direct post-petition monthly mortgage payments paid by the trustee or by the debtors to the month in which each payment was designated to be made under the plan or directly by the debtors, whether or not such payments are**

immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account.                                                                                                                                    10-02558

**(4) To notify the trustee, the debtors, and the attorney for the debtors in writing of any changes in the interest rate for any non-fixed rate or any adjustable rate mortgages and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.**

**(5) To notify the trustee, the debtors, and the attorney for the debtors in writing of any change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.**

**(6) To refrain from directly paying or attempting to pay any prepetition tax obligation that the debtor(s) have included in their plan to be paid under their plan unless a motion is filed to modify the plan with adequate notice and hearing or unless a notice of assignment of the tax claim is filed from the taxing authority to the service and/or the holder of the mortgage loan or loans.**

**(7) A creditor may send such billing statements, coupons and statements regarding postpetition payments, fees, expenses or charges on the loan directly to the Debtor as it customarily sends when no bankruptcy case has been filed. The creditor shall not be found to have violated the automatic stay by doing so, provided the communication indicates it is for information purposes and is not a demand for payment.**

**(8) Annually, beginning one year after entry of the initial plan confirmation order, the creditor shall submit to Trustee, the debtors and debtors' attorney a 12-month summary of the activity on the loan, including an itemization of all payments, fees, expenses or charges on the account. The creditor's failure to give such notice shall be deemed a waiver for all purposes of any claim for fees, expenses or charges accrued during that year.**

**(9) No later than 90 days before debtors are scheduled to make the final plan payment, the creditor shall file an initial or amended proof of claim which clearly identifies and itemizes the fees, charges and expenses which accrued post-petition and remain owing.**

**(10) If the debtor pays the cure amount specified in paragraph 5, or in such lesser amount as may be established by the creditor's proof of claim, while timely making all required post-petition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the holder to recover any amount alleged to have arisen prior to the filing of the petition.**

**(C) Student loan debt owed to the U.S. Department of Education, if not paid in full during the term of the plan, will not be discharged upon completion of the plan absent further proceedings.**

10-02558

SUMMARY AND ANALYSIS OF PLAN PAYMENTS TO BE MADE BY TRUSTEE

Total debt provided under the Plan and administrative expenses:

1. Attorney Fees **2,226.00**
2. Arrearages **13,636.00**
3. Secured Claims **0.00**
4. Priority Claims **1,552.00**
5. Separate Class of Unsecured Claims **0.00**
6. All other unsecured claims **2,296.00**

Total payments to above Creditors **19,710.00**
Trustee fees **2,190.00**
Total Debtor payments to the Plan **21,900.00**

Reconciliation with Chapter 7:

Interest of unsecured creditors if Chapter 7 filed
Total property of debtor **271,612.00**
Property securing debt (excludes avoided liens) **175,375.00**
Priority unsecured claims (Schedule E) **1,552.00**
Exempt property **97,524.50**
Administrative Costs **0.00**
Available to General Unsecured (Under Chapter 7) **0.00**
Total General Unsecured **124,610.99**

Percent of unsecured, nonpriority claims paid if Chapter 7 filed (est.) **0%**

Percent of unsecured, nonpriority claims paid under Plan **2%**

Date _____    Signature _____
                                          **Jamie B Williams**
                                          Debtor

Date _____    Signature _____
                                          **Melissa L Williams**
                                          Joint Debtor

Attorney for Debtor(s)
**Hong Law, P.L.C.
101 2nd St. SE, Suite 600
PO Box 1307
Cedar Rapids,, IA 52406-1307
319-294-5853 Fax:866-213-4371**